IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

In re:   CARL S. MARTIN                                          Case No. 25-60335
        Debtor.                                              Chapter 13

ANGELA M. SCOLFORO, TRUSTEE
                    Plaintiff,
vs.                                                              ADV PROCEEDING #

CARL S. MARTIN, Debtor,
341 Myrtle Lane
Lynchburg, VA 24502

ADVISORS MORTGAGE GROUP, LLC,
c/o Steven Meyer, President
1411 Highway 35
Ocean, NJ 07712

FIRST AMERICAN TR SERVICES OF, Trustee
c/o Tom Gates, VP, State Manager
9011 Arboretum Parkway, Suite 175
Richmond, VA 23113

CARRIE S. SCHMIDT, Trustee, Field Office Director
600 East Broad Street, Richmond, VA 23219

      and c/o Federal Housing Commissioner
      451-7th Street, S.W.
      Washington, DC 20410

MERS
P.O. Box 2026
Flint, MI 48501-2026

NATIONAL CLOSING SOLUTIONS, INC.
c/o Ami Kellogg, President
9087 Foothills Blvd., Ste 700 Roseville, CA 95747

NEWREZ, LLC D/B/A SHELLPOINT MORTGAGE SERVICING
c/o Baron Silverstein, President

1

PO Box 10826
Greenville, SC 29603-0826
     and c/o Barry Spear, Esquire VSB# 39152
     BWW Law Group, LLC
     8100 Three Chopt Rd.
     Suite 240
     Richmond, VA 23229
          Defendants.

**TRUSTEE'S COMPLAINT TO AVOID A POSTPETITION TRANSFER AND VOID LOAN**

COMES NOW Angela M. Scolforo, Chapter 13 Trustee (hereinafter the "Trustee"), pursuant to 11 U.S.C. Section 549(a), and moves this Court to avoid the transfer and void the loan made by Advisors Mortgage Group, LLC (hereinafter "Advisors Mortgage") to the Debtor on or about May 7, 2025, in violation of 11 U.S.C. Section 1306(b) and Local Rule 6004-3, when Debtor refinanced his mortgage without court permission. In support thereof, the Trustee asserts the following:

    A. **Debtor's Schedules and Chapter 13 Plan**

1. Upon information and belief, Debtor is elderly and is currently 82 years of age.

2. Prior to the currently pending Chapter 13 Bankruptcy case, Debtor has never filed a bankruptcy case under any Chapter of the Bankruptcy Code.

3. Upon information and belief, Debtor was working with Advisors Mortgage or some other entity prior to the filing of the Chapter 13 Bankruptcy to resolve his mortgage default through a refinance of the mortgage to a reverse mortgage.

4. Upon information and belief, Debtor was advised by Advisors Mortgage or some other entity to file a Chapter 13 Bankruptcy to buy time to finalize the reverse mortgage.

2

5. Debtor filed a Chapter 13 Bankruptcy case on March 24, 2025.

6. On April 7, 2025, at docket no. 12, Debtor filed schedules on which he listed:

   a. a fee simple interest in real estate at 341 Myrtle Lane, Lynchburg, Virginia, with a value of $589,000 (hereinafter the "Real Estate"); and

   b. mortgage debt owed to NewRez, LLC dba Shellpoint (hereinafter "NewRez, LLC") in the amount of $133,7883.41, secured by Real Estate.

7. A Chapter 13 Plan was filed on April 7, 2025, at docket no. 11 (hereinafter "The Plan"), which provides for the cure of prepetition mortgage arrears of $23,807, and directs payments in Part 3.1 to NewRez, LLC, as follows:

   No provision for monthly mortgage installments and/or mortgage arrears. Debtor has initiated the process to obtain a reverse mortgage and will file a motion for approval with Court once he receives the paperwork. Based on discussions with the bank, Debtor anticipates paying off his mortgage in full, and paying off this chapter 13 plan with a one hundred percent dividend to general unsecured creditors within 12 months of confirmation.

8. The Plan requires monthly payments of $350 for 60 months, plus a lump sum payment of $32,000 within 12 months of confirmation, for total plan payments of $53,000, in Part 2, with projected net distribution of approximately $3,986 to pay 100% of general unsecured creditors in Part 5.1

9. The Plan has not been confirmed. The continued confirmation hearing date is July 17, 2025.

   **B.    Debtor Obtained a New Mortgage Without Court Permission**

10. Upon information and belief, Debtor signed a Note and Deed of Trust on May 7, 2025, for up to **$720,000** with Advisors Mortgage, from which documents a deed of trust was recorded in the land records of Campbell County Circuit Court on May 14, 2025. *Attached as Exhibit 1 is a copy of the recorded Deed of Trust.*

11. Neither Debtor, nor the lender, sought or obtained court permission to acquire the new mortgage.

12. Debtor has to date still not filed a motion for authority to obtain a new mortgage.

13. NewRez, LLC has not filed a proof of claim in this case.

14. NewRez, LLC filed an objection to confirmation of the Plan on April 11, 2025, at docket no. 14, in which it alleges that it is the:

> "holder of a claim secured by Debtor's principal residence located in Campbell County, Virginia, and commonly known as 341 Myrtle Lane, Lynchburg, VA 24502 [AND] owed approximately $20,905.70 as a pre-petition arrearage…"

15. Upon information and belief, the entire mortgage owed by Debtor to NewRez, LLC has been paid in full from the proceeds of the Advisors Mortgage.

16. Counsel for NewRez, LLC confirmed at a hearing on May 29, 2025, that NewRez. LLC has been paid in full.

17. The Trustee is not in possession of any of the closing disclosures from the transaction with Advisors Mortgage and is unaware whether Debtor or any other party received proceeds from the refinance of the secured debt.

18. Upon information and belief, title insurance on the Advisors Mortgage is provided by National Closing Solutions, Inc.

### C. The Chapter 13 Trustee asks the Court to Void the Advisors Mortgage loan and avoid its Deed of Trust

19. Debtor is required to not only remain in possession of all property of the estate, including Real Estate, pursuant to 11 U.S.C. Section 1306(b), but also, Local Rule 6004-3 restricts Debtor from the transfer of any interest in Real Estate, or the incurrence of new debt in excess of $15,000, without the prior authority from the Bankruptcy Court.

4

20. Neither the Debtor, nor Advisors Mortgage Group, LLC, obtained the permission of the Bankruptcy Court for new mortgage debt or to encumber the real estate with a deed of trust.

21. Pursuant to 11 U.S.C. Section 549(a), the Chapter 13 Trustee seeks to avoid the transfer of Debtor's interest in the Real Estate and asks the Court to void the loan made by Advisors Mortgage Group, LLC to the Debtor on or about May 7, 2025, in violation of 11 U.S.C. Section 1306(b) and Local Rule 6004-3.

22.    THEREFORE, the Trustee moves this Court to (i) avoid the transfer of interest in the Real Estate by the Debtor to Advisors Mortgage, (ii) avoid the Deed of Trust by Advisors Mortgage on the Real Estate, (iii) void the Note signed by the Debtor to Advisors Mortgage for $720,000, (iv) direct National Closing Solutions, Inc. to guarantee payment of any damages arising from or related the insured transaction, and (v) grant such other or further relief as this Court deems just.

Dated: June 23, 2025                    OFFICE OF THE CHAPTER 13 TRUSTEE
                                         ANGELA M. SCOLFORO, TRUSTEE

/S/ ANGELA M. SCOLFORO
Angela M. Scolforo, Chapter 13 Trustee
VSB #45724
P.O. Box 2103, Charlottesville VA 22902
Tel: (434) 817 9913 x 110
ascolforo@cvillech13.net

5